**Abatement Order filed February 14, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00440-CV

_____

**DALE L. JOHNSON, Appellant**

**V.**

**NATIONAL OILWELL VARCO, LP, Appellee**

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-62983**

## ABATEMENT ORDER

The reporter's record in this case was originally due September 12, 2016. *See* Tex. R. App. P. 35.1.  We have granted the court reporter 123 days of extension to file the record. We granted the last extension until January 13, 2017, and noted no further extensions would be granted. The record has not been filed.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **152nd District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **by March 16, 2017**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM